(Mo.App.1975); *State v. McIntosh*, 635 S.W.2d 370, 371–372[1] (Mo.App.1982).

■ Defendant did not object to the admissibility of the telephone conversations at trial on grounds of lack of identification of the caller. However, upon reviewing the transcript, we find the testimony was admissible. "Generally, testimony about a telephone conversation is not admissible absent identification of the caller. However, identification may be shown by the circumstances of the call." *State v. Gardner*, 743 S.W.2d 472, 473[4] (Mo.App.1987). The circumstances show the caller was involved in the scheme with defendant. Caller made appointments with the victim for her to meet with defendant, to which defendant arrived and carried out the arranged plans. The necessary link between the caller and defendant was shown by the appointments and arrangements made by caller which defendant carried out. *DeBenedictis v. Wainwright*, 517 F.Supp. 1033, 1037[9] (S.D.Fla.1981); *State v. McSwain*, 229 N.W.2d 562, 564[4] (Neb.1975). Further, the telephone conversations were an inherent part of the plan to steal money from the victim through deceit. As such, they were part of the res gestae of the crime, and identification of the caller was not necessary. *Id.* [1–2].

■ Defendant also asserts the court erred in admitting a slip of paper which had written on it the names Linda Wilson, Margaret Thornhill and Mary Hogue, and a phone number. This phone number was revealed to be defendant's. Defendant objects to the admission of the note because its author was not identified. Defendant contends the note's admission prejudiced defendant because it tied her to the calls made to victim.

Victim testified that she asked Linda Wilson for her phone number, which victim wrote down. Victim later repeated this information to a third party, who wrote the note introduced at trial.

We will not reverse for error in the admission of evidence unless defendant shows she was prejudiced by the error. *State v. Clark*, 747 S.W.2d 197, 200[5] (Mo.App.1988). Assuming the note was hear-

say, its admission did not prejudice defendant. The challenged note was transcribed from the victim's information. The victim testified at trial under oath, and was available for cross-examination by the defendant. *State v. Ball*, 622 S.W.2d 285, 290[11] (Mo.App.1981). Further, this having been a bench-tried case, it may be assumed the trial judge was not confused or misled by irrelevant and incompetent evidence. *State v. Mandrell*, 754 S.W.2d 917, 920–921[4] (Mo.App.1988).

Finally, defendant asserts there was insufficient evidence to support the verdict if the inadmissible evidence is excluded. Because the evidence was admissible and non-prejudicial, this point necessarily fails.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.

**In the Interests of J.L. and S.L., Respondents,**

v.

**N.L., Appellant.**

**No. WD 40406.**

Missouri Court of Appeals, Western District.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1989.

Edward Berg, Columbia, for appellant.

Betty K. Wilson, Columbia, for respondents.

Before KENNEDY, C.J., and
MANFORD and BERREY, JJ.

## ORDER

PER CURIAM:

The natural mother appeals from a consolidated proceeding in which parental rights to her children, J.M.L. and S.B.L., were terminated pursuant to Section 211.-447.2(2)(a), RSMo 1986.

Affirmed. Rule 84.16(b).